**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Juan GODINEZ-MARTINEZ, a.k.a. Juan Godinez Martinez, a.k.a. Carlos Hernandez Ramirez, Defendant-Appellant.**

**No. 16-10285**

United States Court of Appeals, Ninth Circuit.

---

** The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 11, 2017 *

Filed July 17, 2017

Fernanda Carolina Escalante, Assistant United States Attorney, Margaret Perlmeter, USPX—Office of the US Attorney, Phoenix, AZ, for Plaintiff-Appellee

Florence Bruemmer, Attorney, Law Offices of Florence M. Bruemmer, PC, Anthem, AZ, for Defendant-Appellant

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM **

Juan Godinez-Martinez appeals from the district court's judgment and challenges the 18-month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Godinez-Martinez contends that the district court erred by rejecting the parties' binding plea agreement. We review the district court's decision to reject a plea agreement for abuse of discretion. *See In re Morgan v. U.S. District Court*, 506 F.3d 705, 708 (9th Cir. 2007). The district court acted within its discretion in rejecting the plea agreement in light of individualized reasons provided by the court. *See id.* at 711-12.

Godinez-Martinez next contends that the district court erred by departing upward under U.S.S.G. § 4A1.3 to account for the inadequacy of his criminal history category. We review the decision to depart under U.S.S.G. § 4A1.3 not for procedural correctness but rather by determining whether the ultimate sentence was reasonable. *See United States v. Ellis*, 641 F.3d 411, 421-22 (9th Cir. 2011). The 18-month, above-Guidelines sentence was substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Godinez-Martinez's significant criminal and immigration history. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

